

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 2, 2023

**By ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Hector Cerezo*, 20 CR 589 (AKH)

Dear Judge Hellerstein,

    The Government respectfully submits this letter in advance of the defendant's sentencing, currently scheduled to proceed on February 7, 2023 at 12:00 PM. For the reasons set out below, the Government respectfully requests that the Court impose a sentence of 120 months, the applicable sentence pursuant to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), and five years' supervised release.

## Background

    On October 23, 2020, the defendant was arrested based on probable cause following a car stop in the Bronx, New York, during which members of the New York City Police Department seized a quantity of controlled substances and a loaded firearm. On October 25, 2020, the Honorable Ona T. Wang, United States Magistrate Judge for the Southern District of New York, issued a complaint charging the defendant with multiple firearms and drug trafficking crimes. On October 26, 2020, the defendant was presented and detained. Thereafter, on or about October 29, 2020, a grand jury sitting in the Southern District of New York voted an indictment charging the defendant in four counts with (i) being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 2, arising from his commission of a shooting on or about September 22, 2020 in the Bronx, New York ("Count One"); (ii) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 2, arising from his possession of the firearm seized during the car stop on or about October 23, 2020 in the Bronx, New York ("Count Two"); (iii) participating in a conspiracy to distribute and possess with intent to distribute mixtures and substances containing heroin and fentanyl and mixtures and substances containing cocaine base, in violation of 21 U.S.C. § 846, arising from his membership in a drug trafficking organization based on the block of Valentine Avenue between East 194th and East 196th Streets from in or about January 2020 to in or about October 2020 ("Count Three"); and (iv) using and carrying a firearm during and in relation to and possessing firearms in furtherance of the drug trafficking crime charged in Count Three, one of which was brandished and discharged, in violation of 18

U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2, from in or about September 2020 to in or about October 2020 ("Count Four").

On February 17, 2022 and March 15, 2022, the defendant appeared on successive occasions before the Court, ultimately entering a change of plea to Count Four over those two appearances pursuant to a plea agreement with the Government. At the second appearance the defendant admitted to having sold "maybe 10, 15 bundles" of heroin during his participation in a drug trafficking conspiracy that he was prepared to allocute involved only an agreement between him and one or more others to sell at different locations along the same street. (*See* 03/15/2022 Tr. at 8:4-9:4).[1] The defendant further admitted to having carried a firearm during these sales, at one of which he discharged the firearm. (*See id.* at 9:9-10:25).

In terms of the defendant's instant offense conduct, the Government respectfully relies upon the description of that instant offense conduct set out in the Presentence Investigation Report dated July 14, 2022 ("PSR"), which reflects information that the Government supplied to Probation. (*See* PSR ¶¶ 9-17). With that said, the Government expressly requests the Court only to sentence the defendant based upon the facts to which he was prepared to allocute on March 15, 2022, the only facts established on the record before the Court, which consist principally of the defendant's admission that he discharged a firearm in connection with distributing substantially less than 10 grams of heroin.

In terms of the defendant's criminal history, the Government similarly relies upon the PSR, which as is most relevant here details approximately more than a dozen state and federal convictions for felonies and misdemeanors between the late 1990s and late 2010s, spanning the entirety of the defendant's adult life. (*See id.* at ¶¶ 25-36). Among these convictions, in or about March 2004, the defendant was sentenced to 46' months imprisonment and three years' supervised release following his conviction for distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*Id.* at ¶ 27). On multiple occasions in or about 2006 and 2007, the defendant's term of supervised release was revoked and he was resentenced to additional prison terms following his violation of the conditions of supervised release through the commission of additional crimes. (*Id.*)

## Applicable Law

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines are not mandatory; however, it also held that a district court must "consult" the Guidelines and "take them into account" when fashioning a sentence. *Id.* at 264. As the Supreme Court has explained, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, a court must proceed to consider seven factors outlined in 18 U.S.C. § 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of

---

[1] A "bundle" consisting of approximately 10 glassines, contains approximately 0.5 grams of mixtures and substances.

the defendant," *id.* § 3553(a)(1); (ii) the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); (iii) "the kinds of sentences available," *id.* § 3553(a)(3); (iv) the Guidelines range itself, *see id.* § 3553(a)(4); (v) any relevant policy statement by the United States Sentencing Commission, *see id.* § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and (vii) "the need to provide restitution to any victims," *id.* § 3553(a)(7).

The statute directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, pursuant to which the sentence needs::

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)  to afford adequate deterrence to criminal conduct;
(C)  to protect the public from further crimes of the defendant; and
(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.* § 3553(a)(2).

While a district court may not presume that an appropriate sentence lies within the Guidelines range, "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. The relevance of the Guidelines throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita*, 551 U.S. at 349. To the extent a district court varies from a Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### Sentence

The statutory mandatory minimum sentence of 120 months' imprisonment, which is also the applicable sentence pursuant to the Guidelines, is a just sentence for the discharge of a firearm on a public street in connection with a drug trafficking crime, which the defendant stated in his allocution totaled his sale of "maybe 10, 15 bundles" of heroin, an amount of drugs consistent with a very small number of retail transactions. As stated above, the Government respectfully asks the Court to sentence the defendant on these admitted facts alone, the only facts established on the record before the Court.

Given the defendant's criminal history and in particular his specific record of having previously failed to abide by the terms of supervised release following a prior term of imprisonment imposed in this courthouse for a drug trafficking crime, the Government respectfully

submits that the safety of the public and the deterrence and rehabilitation of the defendant, a lifelong criminal, require the imposition of the maximum term of supervised release of five years.

## Conclusion

For the reasons set out above, the Government respectfully requests that the Court sentence the defendant to a term of imprisonment of 120 months, the applicable sentence pursuant to the Guidelines, and a term of supervised release of five years.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: *Thomas John Wright*
Thomas John Wright
Assistant United States Attorney
(212) 637-2295

cc: Jessica A. Masella (Counsel to Defendant Hector Cerezo) (by ECF)